UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA L. CRIBBS,

    Plaintiff,

v.

WAYNE COUNTY, a municipal corporation,
and JOHN DOE # 1-5, et al,

    Defendants.
                                     /

Case No. 06-11184

Honorable Nancy G. Edmunds

**ORDER (1) DENYING PLAINTIFF'S MOTION TO ADD JOHN DOE DEFENDANTS, TO EXTEND DISCOVERY, OR ALTERNATIVELY TO DISMISS WITHOUT PREJUDICE AND WITHOUT COSTS UNDER RULE 41(a)(2) [14] AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE UNDER RULE 41(b) [16]**

Plaintiff filed a complaint in state court on in November 2005, alleging state law claims of intentional infliction of emotional distress and false arrest as well as a federal law claim under 42 U.S.C. § 1983. Plaintiff's § 1983 claim alleged that her Fourteenth, Fifth and Eighth Amendment rights were violated by Defendants.

Defendant Wayne County was served on March 9, 2006 and timely removed the matter to this Court,[1] and filed its Answer the following day. On March 30, 2006, this Court entered an Order remanding Plaintiff's state law claims and requiring Plaintiff to file an amended complaint because her allegations as to a violation of her Fifth and Eighth Amendment rights failed to meet the requirements of Fed. R. Civ. P. 8(a). Specifically, as

---

[1] Plaintiff's complaint also names Saginaw County and Saginaw County Deputy Sheriff John Does 1-5 but the docket reveals that Saginaw County has not been served with a summons or complaint.

to her Fifth Amendment claim, Plaintiff had not alleged, as required, that any of the Defendants were associated with the federal government. As to her Eighth Amendment claim, formal adjudication of guilt in a criminal prosecution is a precondition for protection under the Eighth Amendment, and Plaintiff had not alleged that any constitutional violation occurred after a formal adjudication of guilt. Accordingly, Plaintiff was ordered to file an amended complaint by April 19, 2006 and was further notified that the Court would dismiss her Fifth and Eighth Amendment claims under Fed. R. Civ. P. 12(b)(6) if she failed to do so. (3/30/06 Order, Docket No. 4.)

Plaintiff failed to amend her complaint as ordered, and the Court dismissed her Fifth and Eighth Amendment claims on May 11, 2006 [11]. Thus, the only § 1983 claim remaining in this Court is Plaintiff's alleged Fourteenth Amendment claim. A Scheduling Order was entered on May 9, 2006, setting a discovery cutoff date of September 9, 2006, a dispositive motion cutoff date of October 9, 2006, and a trial date of March 1, 2007 [10].

From the March 20, 2006 removal date to the present, Plaintiff has conducted no discovery in this matter. Plaintiff's counsel's explains that this was "due to a very heavy appearance workload." (Pl.'s Mot. ¶ 13.) This matter is now before the Court on Plaintiff's motion, filed on February 22, 2007, to add more John Doe Defendants, to extend discovery, or, alternatively, to allow Plaintiff to voluntarily dismiss this case without prejudice and without costs pursuant to Fed. R. Civ. P. 41(a)(2). Also before the Court is Defendant Wayne County's motion to dismiss with prejudice, brought pursuant to Rule 41(b), Rule 56(c), and Local Rule 16.2(c). For the reasons stated below, Plaintiff's motion is DENIED, and Defendant's motion to dismiss with prejudice is GRANTED.

**I.     Analysis**

    **A.  Motion to Add More John Doe Defendants**

In light of Plaintiff's lack of diligence in prosecuting this matter, and the undue delay caused by that lack of prosecution and the resulting prejudice to Defendant Wayne County, this Court denies Plaintiff's request to amend her complaint at this late date simply to add more John Doe Defendants and to extend discovery.  Plaintiff has done nothing to identify the John Doe Defendants originally named in her complaint, has conducted no discovery to date in this matter, and has not shown that this pattern will not continue even if she is allowed to amend her complaint.

    **B.  Dismissal With or Without Prejudice**

The Court next considers Plaintiff's request that she be allowed to voluntarily dismiss her complaint without prejudice and without costs pursuant to Fed. R. Civ. P. 41(a)(2). Defendant agrees that Plaintiff's § 1983 claims should be dismissed but argues that they should be dismissed with prejudice pursuant to Rule 41(b) because Plaintiff has failed to prosecute her claims, has ignored the deadlines set by this Court in its scheduling order, and cannot state a claim for § 1983 relief.  This Court agrees with Defendant and dismisses Plaintiff's complaint, pursuant to Rule 41(b).

Rule 41(b) permits the Court to dismiss a case with prejudice when the plaintiff fails to prosecute her case and/or fails to comply with the Court's orders.  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and citation omitted).

Plaintiff has proceeded in this matter in a dilatory fashion.  Her complaint was filed in

November 2005, but not served on Defendant Wayne County until March of 2006. Defendant Saginaw County has not yet been served. Despite this Court's order allowing Plaintiff to amend her complaint to clarify her § 1983 claims, she failed to do so. Accordingly, the only § 1983 claim that remains is one brought under the Fourteenth Amendment. As to that claim, Plaintiff has failed to conduct any discovery in the 12 months that this matter has been pending in this Court, despite the September 9, 2006 discovery cutoff date and March 1, 2007 trial date set by this Court.

Plaintiff's complaint names five John Doe Wayne County Sheriff Deputies. To this date, she has conducted no discovery to ascertain the identity of these John Doe Defendants, and did not ask the Court for an extension of the discovery cutoff date to do so until she filed this motion on the eve of trial. Moreover, Plaintiff failed to appear at her February 22, 2007 deposition despite notice from Defendant.

On the eve of trial, Plaintiff filed this motion seeking to add yet more John Doe Defendants and more time for discovery. The only excuse offered for Plaintiff's dilatory conduct is a heavy workload, an excuse that could be offered by any number of attorneys practicing in this area that have met the dates set by the Court in similar matters. Plaintiff has not convinced the Court that the previous pattern of dilatory conduct, lack of prosecution, and failure to follow this Court's scheduled dates will not continue. Rather, it is persuaded by Defendant's arguments that this matter should be involuntarily dismissed with prejudice pursuant to Rule 41(b).

### III. Conclusion

For the above-stated reasons, this Court:

4

1. DENIES Plaintiff's motion [14] to add John Doe Defendants and to extend the discovery date or, alternatively, for a dismissal without prejudice under Rule 41(a)(1);

2. GRANTS Defendant's motion [16] to dismiss Plaintiff's § 1983 claims against Wayne County with prejudice, pursuant to Rule 41(b); and

3. DISMISSES WITH PREJUDICE Plaintiff's § 1983 claims against Defendant Wayne County.


      s/Nancy G. Edmunds
      Nancy G. Edmunds
      United States District Judge

Dated:  April 19, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 19, 2007, by electronic and/or ordinary mail.

      s/Carol A. Hemeyer
      Case Manager